**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-4020**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

KEVIN MICHAEL WILLIS,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:10-cr-00186-HEH-1)

─────────────

Submitted: July 20, 2011        Decided: August 22, 2011

─────────────

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Michael S. Nachmanoff, Federal Public Defender, Paul G. Gill, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Richard D. Cooke, Assistant United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Michael Willis pleaded guilty, pursuant to a plea agreement, to federal drug and firearms charges. In the plea agreement, he reserved the right to appeal the district court's denial of his motion to suppress, the subject of this appeal.

We review factual findings underlying the district court's denial of a motion to suppress for clear error and legal conclusions de novo. United States v. Kelly, 592 F.3d 586, 589 (4th Cir.) cert. denied, 130 S. Ct. 3374 (2010). When evaluating the denial of a suppression motion, the court construes the evidence in the light most favorable to the Government, the prevailing party below. Id.. We may affirm the judgment of the district court on any grounds apparent from the record. United States v. Smith, 395 F.3d 516, 519 (4th Cir. 2005).

Willis advances three arguments on appeal. First, he asserts that he has standing to object to law enforcement's entry into Burton's apartment without a search warrant. Second, he argues that police may not, absent exigent circumstances, enter a third party's residence to execute an arrest warrant when they do not have reason to believe the subject of the arrest warrant lives or stays there. Third, he argues that no exigent circumstances justified entry into the apartment.

Because we conclude exigent circumstances did justify the warrantless entry in this case, we find it unnecessary to address Willis' other arguments.

Under the Fourth Amendment, warrantless entry into a home is unlawful in the absence of exigent circumstances. Payton v. New York, 445 U.S. 573, 589 (1980). "For police officers successfully to assert the exigent circumstances doctrine, they need only possess a reasonable suspicion that such circumstances exist at the time of the search or seizure in question." Figg v. Schroeder, 312 F.3d 625, 639 (4th Cir. 2002) (internal quotation marks omitted). The Government bears the burden of demonstrating exigent circumstances. Welsh v. Wisconsin, 466 U.S. 740, 749-50 (1984).

Willis argues that no exigency existed at the time of the search. He asserts that police did not initially see any evidence that Willis was armed or had contraband and the outstanding warrants did not involve weapons or drugs.

Courts have recognized a variety of exigent circumstances justifying a warrantless entry into a home. See Kentucky v. King, 131 S. Ct. 1849, 1856 (2011) (collecting and summarizing exigent circumstances). For example, "[p]olice officers may enter premises without a warrant when they are in hot pursuit of a fleeing suspect." Id. Police may also make a warrantless entry to prevent the imminent destruction of

3

evidence.  Brigham City v. Stuart, 547 U.S. 398, 403 (2006). The emergency aid exception permits officers to "enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury."  Id.

Here, the district court succinctly summarized the evidence supporting a finding that exigent circumstances justified warrantless entry into the apartment:  (1) Willis was known to deal narcotics in the area; (2) Willis had frequently been described to law enforcement as "unstable"; (3) the apartment complex was a high-crime area; (4) Willis had an outstanding felony arrest warrant and several misdemeanor arrest warrants; (5) Willis fled at the sight of law enforcement and ignored commands to stop; (6) law enforcement had information that Willis had carried a gun in connection with his drug dealing on at least one prior occasion; (7) Willis fled into an unknown apartment; (8) when officers banged on the door, Willis stated he would exit the apartment, but he failed to do so; (9) police delayed entry until they obtained a ballistics shield out of concern for their safety.  Considering these facts together, under the totality of the circumstances, we conclude that police were justified in entering the apartment without a warrant because, first, they were in hot pursuit of a fleeing suspect, second, they believed immediate entry was necessary to prevent

4

the destruction of evidence, and third, they believed entry was necessary to prevent potential harm to third parties.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5